**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4040

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUNTER MICHAEL HALL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:23-cr-00102-FL-1)

Submitted:  August 12, 2025                    Decided:  September 8, 2025

Before HARRIS and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hunter Michael Hall pleaded guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8); possession of a machine gun, in violation of 18 U.S.C. §§ 922(o), 924(a)(2); and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5822, 5861(d), 5871. The district court sentenced Hall to 96 months' imprisonment. On appeal, Hall argues that the district court erred when calculating his advisory Sentencing Guidelines range by applying an enhancement for using or possessing a firearm in connection with another felony offense. We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Nixon*, 130 F.4th 420, 428 (4th Cir. 2025) (citation modified). In conducting this review, we must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (citation modified).

The Guidelines state that a defendant's offense level is increased by four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed . . . any firearm or ammunition with knowledge, intent, or

2

reason to believe that it would be used or possessed in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2021).  The commentary to § 2K2.1 clarifies that subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."  *Id.* § 2K2.1 cmt. n.14(A).  "Under our precedents, this standard is not especially burdensome:  We will find it satisfied when a firearm has some purpose or effect with respect to the other offense." *United States v. McDonald*, 28 F.4th 553, 569 (4th Cir. 2022) (citation modified).

A district court's case-specific determination that a defendant possessed a firearm in connection with another offense is a factual determination that we review for clear error. *United States v. Pettus*, 90 F.4th 282, 287 (4th Cir. 2024).  "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed."  *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (citation modified).  Upon review, we discern no clear error in the district court's finding that Hall used a firearm to facilitate the felony offense of illegally selling auto sear switches.

We therefore affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3